UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO,<br><br>                    Plaintiff,<br><br>     v.<br><br>HOLLI TELFORD,<br><br>                    Defendant.<br><br>and<br><br>UNITED STATES OF AMERICA,<br><br>                    Intervenor. | Case No. 12:12-mc-07216-EJL-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

        Pending before the Court is the Expedited Motion to Quash Subpoena and Dismiss

State Court Contempt Proceedings (Dkt. 2) filed on behalf of **Lana Duke**, Area

Specialist-Single Family Housing, Rural Development, United States Department of

Agriculture; **Mary Sajna,** General Counsel, United States Department of Agriculture;

and **Wally Hedrick**, Director, Rural Development, United States Department of

Agriculture, by and through Nicholas J. Woychick, Assistant United States Attorney for

the District of Idaho ("AUSA Woychick").  The motion seeks to quash the state court

subpoena that was issued to Lana Duke in the case of  *State of Idaho v. Holli Telford*

*Lundahl*, Case No. CR-2011-00719 (Oneida County, Idaho) ("state court proceedings");

**MEMORANDUM DECISION AND ORDER - 1**

deny Ms. Lundahl's state court motions for contempt; dismiss her contempt proceedings; and vacate the hearing on the motions for contempt scheduled for January 24, 2012 in Oneida County.  For the reasons set forth below, the Court enters the following Order granting the motion.

## BACKGROUND

On or about August 9, 2011, a criminal action was commenced against Ms. Lundahl in Oneida County by the filing of a search warrant application in the state court proceedings.  *Notice of Removal*, ¶ 1, Dkt. 1;  *Declaration of Nicholas J. Woychick* ("*Woychick Dec.*"), Ex. C, Dkt. 3-3.  On or about October 31, 2011, apparently at Ms. Lundahl's pro se request, the state court issued a subpoena duces tecum to "Lana Duke, Agent for USDA, Rural Development Department, Preston Division" commanding her appearance on December 1, 2011 at 9:30 a.m. to respond to certain specified questions. *Woychick Dec.*, Ex. A, Dkt. 3-2.  The subpoena was served on or about November 4, 2011.  *Id.*

On November 17, 2011, AUSA Woychick sent a letter to Ms. Lundahl advising her that the subpoena was defective and invalid under Idaho law; that it was flawed under federal law for failure to comply with the USDA's *Touhy* regulations, 7 C.F.R. §§ 1.210*, et seq.* (which prohibits USDA employees from appearing, testifying, or providing documents in judicial or administrative proceedings unless they are authorized in accordance with the USDA's regulations); and that according to Ninth Circuit case law, state courts do not have jurisdiction to issue subpoenas to federal employees for

**MEMORANDUM DECISION AND ORDER - 2**

testimony arising out of their official duties. *Id.*, Ex. B, Dkt. 3-2. The letter, a copy of which was provided to the presiding state court judge and the County Prosecutor, requested that Ms. Lundahl withdraw the subpoena. *Id.* It concluded by stating that the subpoena would not be honored. *Id.* Ms. Lundahl did not withdraw the subpoena.

The December 1, 2011 hearing was vacated and reset for December 9, 2011, without notice to Ms. Duke. Accordingly, Ms. Duke did not appear at the hearing.

On January 10, 2012, Ms. Lundahl filed two pro se motions in state court:

(1)     A motion for criminal contempt decree entitled: "Motion for Order Decreeing Prosecutor Dustin Smith, USDA General Counsel Mary Sajna, USDA Director Wally Hedrick, USDA Agent Lana Duke, and Sheriff Jeff Semrad in Criminal Contempt for Conspiring to Defeat a Properly Served Criminal Subpoena to Respond to Six Written Deposition Questions as Authorized Under Idaho Criminal Rules 15(e) and 15(g) that would have Defeated Counts X, XI, XII, XIII, and XIV of the Criminal Complaint as Related to the Obstruction to Produce Evidence." *Woychick Dec.*, Ex. C, p. 5, Dkt. 3-3.

(2)     A motion for criminal contempt decree and sanctions entitled: "Motion for Order Decreeing Prosecutor Dustin Smith, USDA General Counsel Mary Sajna, USDA Director Wally Hedrick, USDA Agent Lana Duke, and Sheriff Jeff Semrad in Criminal Contempt for Conspiring to Defeat a Properly Served Criminal Subpoena to Respond to Six Written Deposition Questions as Authorized Under Idaho Criminal Rules 15(e) and 15(g) that would have Defeated Counts X, XI, XII, XIII, and XIV of the Criminal Complaint and to Issue Sanctions Which Include Striking Counts X, XI, XII, XIII, and XIV of the Criminal Complaint as Related to the Obstruction to Produce Evidence." *Id.*

A hearing on the motions is set for January 24, 2012 at 10 a.m. in state court.

On January 18, 2012, AUSA Woychick filed a Notice of Removal of the contempt motions to the United States District Court pursuant to 28 U.S.C. §§ 1442(a)(1), 1446

**MEMORANDUM DECISION AND ORDER - 3**

(c)(1), and 1446(c)(3).  Dkt. 1.

## DISCUSSION

### 1.     Removal

At the outset, the Court must determine whether the motions have been properly removed from state court.

A criminal prosecution commenced in a state court against the United States or agency or officer thereof "sued in an official or individual capacity for any act under color of such office" may be removed to a United States district court.  28 U.S.C. § 1442(a)(1).  A notice of such removal must be filed the earlier of not later than 30 days after arraignment in state court or at any time before trial unless the district court grants leave to file the notice at a later time.  28 U.S.C. § 1446(c)(1).  The notice must include the grounds for removal existing at the time of the notice.  28 U.S.C. § 1446(c)(2).  After receiving a notice of removal, the district court must examine the notice promptly and summarily remand to the state court if it clearly appears from the notice and exhibits that removal should not be permitted.  28 U.S.C. § 1446(c)(4).

Here, because the Notice of Removal was filed eight days after Ms. Lundahl filed her motions for contempt in state court, the Notice of Removal is timely.  Furthermore, as shown below, the Notice adequately sets forth grounds – primarily sovereign immunity – for challenging the validity and enforceability of the subpoena underlying the contempt proceeding. Congress has given federal officers the protection of a federal forum in providing for removal of proceedings against them.  *Swett v. Schenk*, 792 F.2d 1447,

**MEMORANDUM DECISION AND ORDER - 4**

1450 (9th Cir. 1986) (internal quotations and citations omitted). Indeed, having the validity of an immunity defense decided in a federal court is a primary reason for removal. *Id*. A state court contempt action, even though ancillary to the underlying action, is a distinct removable action. *Id*. For these reasons, removal was proper.

## 2.   Subpoena

### A.   Validity

The subpoena on its face is directed to Ms. Duke in her official capacity as an agent for the USDA. Additionally, the subpoena states that Ms. Duke would be asked about matters that are clearly related to actions taken in connection with her employment with the USDA.

Ms. Duke contends that the subpoena is invalid under Idaho law and the Idaho Rules of Civil Procedure because the parties to the state court proceeding were not served with the subpoena and because there in no indication that the process server tendered the required witness fees and/or the mileage required by the Idaho Rules of Civil Procedure. I.R.C.P. 5(a) and 45(e).

Rule 5(a) requires that a subpoena must be served upon each of the affected parties. There is no indication on the subpoena itself or on the state court docket that the subpoena was served on the prosecutor, and AUSA Woychick's letter indicates that it was not.

Rule 45 provides that service of a subpoena must be made by delivering a copy to the person whose attendance is sought and "by giving or offering to the person at the

**MEMORANDUM DECISION AND ORDER - 5**

same time, *if demanded*, the fees for one (1) day's attendance and the mileage allowed by law . . . ." I.R.C.P. 45(e)(2) (emphasis added). While there is no indication that the witness fees and mileage were tendered, there is likewise no indication that Ms. Duke made a demand for such.

The Court need not determine whether the subpoena was properly served and therefore valid because the subpoena is not enforceable in any event. Furthermore, there is no indication that subpoenas have been issued to Ms. Sajna or Mr. Hedrick. Therefore, there appears to be no basis for a contempt proceeding against them.

**B.    Enforceability**

The doctrine of sovereign immunity prevents the United States from being sued without its express consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). An action seeking to enforce a subpoena against a federal official acting within the scope of his authority is essentially an action against the United States. *See Boron Oil v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989). Therefore, absent consent by the United States to state court subpoena enforcement actions against its officers and employees, such actions are barred. *See Exxon Shipping Co. v. Department of Interior*, 34 F.3d 774, 778 (9th Cir. 1994) (noting that sovereign immunity applies in states court subpoena proceedings); *Edwards v. Department of Justice*, 43 F.3d 312, 317 (7th Cir. 1994) (sovereign immunity bars state court enforcement of subpoena to federal employee); *Louisiana v. Sparks*, 978 F.2d 226, 234-35 & n.16 (5th Cir. 1992) (same) (collecting cases). This bar applies regardless of whether the United States is a party to the lawsuit. *Boron Oil*, 873 F.2d. at

MEMORANDUM DECISION AND ORDER - 6

70-71.

Here, there is no evidence that the United States has consented to issuance of the subpoena to Ms. Duke or to the contempt action based on the failure to comply with the subpoena. To the contrary, the United States, through AUSA Woychick's letter to Ms. Lundahl, pointedly refused to accede to the subpoena. The USDA's refusal to allow Ms. Duke to testify or produce documents effectively expressly applies the doctrine of sovereign immunity. *See In re Elko Grand Jury*, 109 F.3d 554, 556 (9th Cir. 1997) (quashing a subpoena issued to a USDA employee).

The Supreme Court has held that federal officers cannot be held in contempt for refusing to comply with a court order if that refusal is based on agency regulations that prohibit compliance. *See United States, ex. rel. Touhy v. Ragen*, 340 U.S. 462, 469 (1951). This principal is known at the *Touhy* doctrine, and it is jurisdictional. *Swett*, 792 F.2d at 1452. In other words, it precludes a contempt action without consent because the state court has no jurisdiction absent consent. *Id.*

Here, the applicable USDA regulations appear at 7 C.F.R. §§ 1.210-1.214. These regulations set forth the "procedures governing the appearance of USDA employees as witnesses in order to testify or produce official documents in judicial or administrative proceedings when such appearance is in their official capacity or arises out of or is related to their employment with the USDA." 7 C.F.R. § 1.210. The regulations prohibit a USDA employee from testifying or producing documents in judicial proceedings absent authorization by the agency. 7 C.F.R. § 1.212.

**MEMORANDUM DECISION AND ORDER - 7**

When a USDA employee is served *with a valid subpoena* to appear as a witness on behalf of a party other than the United States in a case in which the United States is not a party, that employee may not appear unless "the appearance has been authorized by the head of his or her USDA agency, with the concurrence of the General Counsel, based upon a determination that such an appearance is in the interest of the USDA." 7 C.F.R. § 1.214(b)(1) (emphasis added). If the employee is requested to appear as a witness in such circumstances *without a valid subpoena*, the employee may not appear unless the "appearance has been authorized by the head of his or her USDA agency and approved by the appropriate Assistant Secretary, Under Secretary or other general officer, and by the General Counsel, based upon a determination that such appearance is in the interest of the USDA."[1] 7 C.F.R. § 1.214(a) (emphasis added).

The USDA regulations further provide that absent authorization to appear, a subpoenaed employee "shall appear at the stated time and place (*unless advised by the General Counsel or his or her designee that the . . . subpoena . . . was not validly issued or served*), produce a copy of these regulations and respectfully decline to provide any testimony." 7 C.F.R. § 1.214(c) (emphasis added).

Here, AUSA Woychick, on behalf of Ms. Duke and the USDA, advised Ms.

---

[1] The regulation provides an "illustrative and not exhaustive" list of factors the authorizing officials must consider when making the determination of whether the employee's appearance is in the USDA's interest: "(i) what interest of USDA would be promoted by the employee's testimony; (ii) whether an appearance would result in an unnecessary interference with the duties of the USDA employee; (iii) whether an employee's testimony would result in the appearance of improperly favoring one litigant over another." 7 C.F.R. § 1.214(e).

**MEMORANDUM DECISION AND ORDER - 8**

Lundahl, the state court judge, and the prosecutor that the subpoena was not validly issued or served and stated the reasons for not authorizing Ms. Duke to attend. The letter advised Ms. Lundahl of the need for proper authorization from the USDA and identified the regulations governing the procedure for seeking to obtain authorization.  She failed to comply.

## CONCLUSION

The state court clearly has no jurisdiction to enforce the subpoena against Ms. Duke or to hold contempt proceedings against her.  Furthermore, there is simply no basis for holding Ms. Sajna or Mr. Hedrick in contempt given that they were not even under subpoena and that Ms. Lundahl had not obtained the requisite USDA authorization.

According to 28 U.S.C. § 1446(c)(5), a court is to hold an evidentiary hearing if it does not order a summary remand after reviewing a notice of removal.  However, after a review of the AUSA's declaration and attached documentation, the Court finds that a hearing is not necessary under the unique circumstances of this case.

The subpoena was served and the motions for contempt and sanctions were filed by Ms. Lundahl pro se.  The Court is quite familiar with Ms. Lundahl given the numerous cases she has filed in this Court and the current prefiling review order outstanding against her.  *See Lundahl v. Nar, Inc.*, 434 F.Supp.2d 855 (D. Idaho 2006) (detailing the various cases filed by Lundahl in the District of Idaho and other districts and circuits and declaring her to be a vexatious litigant based on her abusive filings). Had the subpoena been served and the motions filed by her court-appointed counsel, the

**MEMORANDUM DECISION AND ORDER - 9**

Court would have held a hearing.  However, to hold a hearing under the circumstances would be a waste of judicial resources.  The Court has given the state court prosecutor and Ms. Lundahl's court-appointed counsel an opportunity to respond.  That is sufficient in the Court's view.

## ORDER

**IT IS HEREBY ORDERED:**

1.      The Expedited Motion to Quash Subpoena and Dismiss State Court Contempt Proceedings (Dkt. 2) is **GRANTED**.  More specifically,

    a.      The state court subpoena issued to Lana Duke in *State of Idaho v. Holli Telford Lundahl*, Case No. CR-2011-00719 (Oneida County, Idaho) is **QUASHED**.

    b.      Holli Telford Lundahl's **(1)** Motion for Order Decreeing Prosecutor Dustin Smith, USDA General Counsel Mary Sajna, USDA Director Wally Hedrick, USDA Agent Lana Duke, and Sheriff Jeff Semrad in Criminal Contempt for Conspiring to Defeat a Properly Served Criminal Subpoena to Respond to Six Written Deposition Questions as Authorized Under Idaho Criminal Rules 15(e) and 15(g) that would have Defeated Counts X, XI, XII, XIII, and XIV of the Criminal Complaint as Related to the Obstruction to Produce Evidence, and **(2)** Motion for Order Decreeing Prosecutor Dustin

**MEMORANDUM DECISION AND ORDER - 10**

Smith, USDA General Counsel Mary Sajna, USDA Director Wally

Hedrick, USDA Agent Lana Duke, and Sheriff Jeff Semrad in

Criminal Contempt for Conspiring to Defeat a Properly Served

Criminal Subpoena to Respond to Six Written Deposition Questions

as Authorized Under Idaho Criminal Rules 15(e) and 15(g) that

would have Defeated Counts X, XI, XII, XIII, and XIV of the

Criminal Complaint and to Issue Sanctions Which Include Striking

Counts X, XI, XII, XIII, and XIV of the Criminal Complaint as

Related to the Obstruction to Produce Evidence are **DENIED**.

c.    Holli Telford Lundahl's contempt proceeding against Lana Duke,

Mary Sajna, and Wally Hedrick is **DISMISSED**.

d.    The hearing scheduled on the above-described Motions for

Contempt set for January 24, 2012 at 10 a.m. in state court is

**VACATED**.

2.    The Clerk of Court shall immediately provide the Clerk of the Sixth

Judicial District Court in and for Oneida County with a copy of this Order.

DATED:  **January 23, 2012**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 11**